UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00066-RJC

| SAMUEL R. SHANNON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Samuel R. Shannon's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 7), and Memorandum in Support, (Doc. No. 8), Nancy A. Berryhill's ("Defendant's or Commissioner's") Motion for Summary Judgment, (Doc. No. 9), and Memorandum in Support, (Doc. No. 10).

## I. BACKGROUND

### A. Procedural Background

Plaintiff seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On September 16, 2013, Plaintiff filed his application for a period of disability and disability insurance benefits under Title II of the Social Security Act,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

42 U.S.C. § 405 et seq. (Doc. Nos. 6 to 6-1: Administrative Record ("Tr.") at 14). Plaintiff's application was denied initially and upon consideration. (Tr. 89, 94).

On August 22, 2016, a hearing was held in front an Administrative Law Judge ("ALJ"). (Tr. 28–63). On October 18, 2016, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 11–23). The Appeals Council denied review of the ALJ's decision on January 12, 2017, making the ALJ's opinion the final decision of Defendant. (Tr. 1–5). Plaintiff now appeals the ALJ's decision, requesting this Court to issue a remand pursuant to 42 U.S.C. §405(g).

B. Factual Background

The question before the ALJ was whether the claimant is disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 14). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ ultimately concluded that Plaintiff was not under a disability from July 31, 2013, his alleged onset date, through June 30, 2016, the date Plaintiff was last insured. (Tr. 23).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i–v). In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. at 22–23).

To begin with, the ALJ concluded that Plaintiff last met insured status requirements under the SSA on June 30, 2016 and that Plaintiff had not engaged in any substantial gainful activity since July 31, 2013, his alleged onset date. (Tr. 16). At the second step, the ALJ found that Plaintiff had the following severe impairments: "coronary artery disease, history of myocardial infarction, status post coronary artery stent, impairment of the spine, and impairment of the hips (20 CFR 404.1520(c))." (Tr. 16–17). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Tr. 17).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "light work as defined in 20 CFR 404.1567(b) except can only frequently climb stairs and frequently stoop." (Tr. 17). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that he "considered

opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs [Social Security Rulings] 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff *could* perform his past relevant work as a "general contractor, parts manager/service manager, and store manager auto parts." (Tr. 22–23). Therefore, the ALJ determined that Plaintiff was not disabled. (Tr. 23).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401);

see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal, Plaintiff argues that the ALJ erred in his decision by failing to: (1) consider Plaintiff's COPD during step two of the sequential analysis; (2) properly determine Plaintiff's RFC in light of his "credible testimony"; and (3) assign appropriate weight to the opinion evidence in the record. (Doc. No. 8). Defendant, however, contends that Plaintiff has failed to point to an error in the ALJ's decision that warrants demand. (Doc. No. 10). The Court agrees.

A. The ALJ's Alleged Error in Failing to Consider Plaintiff's COPD During Step Two Was, at Most, Harmless Error.

Plaintiff first argues that the ALJ erred by failing to consider whether Plaintiff's COPD is severe during step two of the sequential analysis. (Doc. No. 87 at 5–6). This argument, even if correct, does not warrant remand, though. Failure to

list a specific impairment as severe in step two is harmless so long as the ALJ found other severe impairments. "Such [step two] findings advanced the ball in the sequential evaluation process because when an ALJ finds one severe impairment, all impairments both severe and non-severe must be considered in determining RFC." Stacey v. Astrue, No. 1:09CV181, 2011 WL 841356, at *3 (W.D.N.C. Jan. 28, 2011), report and recommendation adopted, No. 1:09CV181, 2011 WL 873463 (W.D.N.C. Mar. 7, 2011). See also 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96–8p.

Here, the ALJ assessed Plaintiff's COPD in his RFC discussion. Not only did he recognize Plaintiff's testimony regarding his COPD, the ALJ also took note of Plaintiff's medical records which revealed that Plaintiff denied COPD on one occasion and refused to use inhalers or stop smoking to address his related issues on another. (Tr. 18, 21, 22). This consideration of COPD and its limiting effects within Plaintiff's RFC analysis renders the ALJ's possible step two error harmless. Compare Keever v. Astrue, No. 1:11CV148, 2012 WL 2458376, at *7 (W.D.N.C. June 1, 2012), report and recommendation adopted, No. 1:11CV148, 2012 WL 2449859 (W.D.N.C. June 27, 2012), judgment entered, No. 1:11CV148, 2012 WL 2451846 (W.D.N.C. June 27, 2012) ("The ALJ specifically discussed Plaintiff's lymphedema at length and the physical impairments she suffered as a result in assessing Plaintiff's residual functional capacity."), with Berry v. Colvin, No. 5:16-CV-01500, 2016 WL 7741739, at *12 (S.D.W. Va. Dec. 22, 2016), report and recommendation adopted, No. 5:16-CV-01500, 2017 WL 127463 (S.D.W. Va. Jan. 12, 2017) ("The ALJ's failure to expressly address and rate the severity of Claimant's fibromyalgia cannot possibly be viewed as

harmless given that the Court is unable to determine whether the ALJ properly considered the functional impact of Claimant's fibromyalgia at the subsequent steps of the sequential evaluation.").

B. <u>The ALJ Correctly Determined Plaintiff's Residual Functional Capacity Because His Testimony Was Not Deemed Credible.</u>

Next, Plaintiff takes issue with the ALJ's RFC analysis. Plaintiff claims that he is unable to do light work despite the ALJ's conclusion to the contrary. (Doc. No. 8 at 6–10). To support his argument, Plaintiff relies on his own "credible" testimony. The ALJ, however, did not find Plaintiff's testimony as credible as Plaintiff alleges. Plaintiff's argument relies solely on his testimony. Therefore, the Court will treat Plaintiff's argument as an attack on the ALJ's credibility determination.

Because the ALJ "had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." <u>Shively v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984). The ALJ must follow a two-step process to determine a claimant's credibility and whether she is disabled by pain or other symptoms. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" <u>Craig v. Chater</u>, 76 F.3d 585, 594 (4th Cir. 1996). Then, if the claimant meets this threshold requirement, the ALJ must evaluate "the intensity and persistence of the

claimant's pain, and the extent to which it affects her ability to work." Id. at 595. This evaluation must take into account:

> not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain ...; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Id. (citing 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3)). See also Green v. Berryhill, No. 1:15-CV-00273-RJC, 2017 WL 1206014, at *3–4 (W.D.N.C. Mar. 30, 2017).

After finding that Plaintiff met the first threshold barrier, the ALJ did not find Plaintiff's testimony concerning the intensity, persistence, and limiting effects of these symptoms credible because they were not entirely consistent with the medical evidence in the record. (Tr. 22). Specifically, the ALJ noted:

> Based on the totality of the evidence, the claimant has back pain with degenerative disk disease and bilateral hip pain with degenerative joint disease. However, he has no neurologic deficits, loss of range of motion, or loss of strength. The claimant's cardiac status and hypertension are stable on medications. His echocardiogram did not show any valvular disease, and he has a preserved ejection fraction of 70%. No mention of diastolic dysfunction was noted, and there was no mention of any pulmonary hypertension. … The claimant continues to smoke one pack per day of cigarettes against medical advice. He did not use prescribed medications for COPD because he did not think it was helping. He was prescribed supplemental oxygen at night due to untreated sleep apnea. The claimant is self-employed as a general contractor and his license is still intact. He is currently working. In December 2014, the claimant reported that he works every day. His alleged onset date is July 2013. According to this note, he was still working every day one year after his alleged onset date. … In sum, the above residual functional capacity assessment is supported by the objective findings, the treatment records, and the claimant's activities of daily living.

(Id.). These observations sufficiently counter Plaintiff's testimony regarding the limiting effects and severity of his symptoms. See Green, 2017 WL 1206014, at *4 (finding the ALJ's credibility analysis sufficient when the ALJ noted that Plaintiff could take care of her own personal needs, did light house work, drove a car, remained socially active, and there was evidence of work activity).

So, insomuch as Plaintiff relies on his own testimony, the Court is not convinced that the ALJ erred in conducting his RFC analysis. Although Plaintiff states that the record supports his testimony, his citations are equally unpersuasive when they merely point the Court to his own description of pain conveyed to doctors rather than the actual findings of the doctors. See, e.g., (Tr. 358, 365, 415–16, 504, 581, 584, 591). The Court cannot, therefore, find that the ALJ erred in his RFC analysis when Plaintiff relies solely on testimony that the ALJ properly concluded lacked credibility.

C. The ALJ Sufficiently Explained His Distribution of Weight to Plaintiff's Treating Physician's Opinion.

Plaintiff's final argument targets the distribution of weight the ALJ assigned to Plaintiff's treating physician, Dr. Purcell. (Doc. No. 8 at 11). In his opinion, the ALJ assigned Dr. Valerie Purcell's opinion little weight. (Tr. 22). The ALJ stated that Dr. Purcell "failed to respond to the questions about the [Plaintiff's] ability to perform the activities and she failed to identify the factors…that support her assessment of any limitations." (Id.). The ALJ specifically noted that Dr. Purcell

merely "placed check marks in the boxes on [a] form." (Tr. 21). After "checking" the perceived limitations, Dr. Purcell did not elaborate on her findings. (Tr. 22).

ALJ's must afford treating sources controlling weight if they "find that a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "By negative implication, if a physician's opinion is *not* supported by clinical evidence or if it is *inconsistent* with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (emphasis added). A non-exhaustive list guides courts when weighing medical opinions. Courts may ask: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

Turning to the ALJ's reasoning, the Court first recognizes that check-box or fill-in-the-blank forms "are entitled to little weight because they are not supported by objective evidence in the record as required under 20 C.F.R. §§ 404.1527, 416.927." Michaels v. Colvin, No. 3:15CV388-RJC-DSC, 2016 WL 8710975, at *5 (W.D.N.C. Mar. 25, 2016), report and recommendation adopted, No. 315CV00388RJCDSC, 2016 WL 5478014 (W.D.N.C. Sept. 26, 2016), aff'd sub nom. Michaels v. Berryhill, 697 F.

App'x 223 (4th Cir. 2017). These form reports are therefore considered "weak evidence at best." Id. (quoting Shelton v. Colvin, 2015 WL 1276903, at *3 (W.D. VA., Mar. 20, 2015)); see also Pate v. Berryhill, No. 5:16-CV-00864-D, 2018 WL 577998, at *8 (E.D.N.C. Jan. 10, 2018), report and recommendation adopted, No. 5:16-CV-864-D, 2018 WL 576833 (E.D.N.C. Jan. 26, 2018) (stating that, while check-box forms are not *per se* unacceptable evidence, they must at least feature supporting evidence). Therefore, the Court finds the ALJ's focus on the format of Dr. Purcell's opinion appropriate. Indeed, Dr. Purcell's opinion not only constitutes a check-box form, but an incomplete one at that. Dr. Purcell selected a box stating that Plaintiff must periodically sit and stand to relieve pain. (Tr. 617). This box then stated that, if checked, the Doctor must further explain her selection in "item 5." (Id.). Item 5, which asks what medical or clinical findings support the doctor's conclusions, is blank. (Id.).

Given the observations above, the ALJ clearly did not find that Dr. Purcell's opinion was supportable. 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."). The Court therefore finds the ALJ's reasoning acceptable, even if it does result in more weight afforded to the opinions of State Agency physicians than Plaintiff's treating physician.[2]

---

[2] Plaintiff takes issue that more weight is attributed to the State Agency physician opinions than Plaintiff's treating physician's opinions. Plaintiff, however,

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: March 29, 2018

Robert J. Conrad, Jr.
United States District Judge

---

proffers no support that such a determination is unacceptable when the treating physician's opinion was otherwise properly analyzed by the ALJ. (Doc. No. 8 at 11).